# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# AT HARRISBURG

| | | |
|---|---|---|
| RESPIRATORY HEALTH SERVICES, LLC | ) ) ) | CASE NO. 1:20-cv-01047-JEJ |
| PLAINTIFF | ) ) ) ) | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | ) ) | |
| PLEASANT ACRES OPERATING, LLC d/b/a PLEASANT ACRES REHABILITATION AND NURSING CENTER, et al. | ) ) ) ) ) ) | |

Plaintiff, Respiratory Health Services, LLC ("RHS"), pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), hereby files its First Amended Complaint against Defendants, Pleasant Acres Operating, LLC d/b/a Pleasant Acres Rehabilitation and Nursing Center ("Pleasant Acres") and Premier Healthcare Management LLC ("Premier") (collectively, Pleasant Acres and Premier are referred to as the "Defendants").

## NATURE OF THE ACTION

1.      This action arises out of Pleasant Acres' failure to pay RHS for respiratory services provided by RHS to residents of the skilled nursing facility located at 118 Pleasant Acres Road, York, Pennsylvania 17402 (hereinafter referred to as the "Facility"), which at all times relevant was managed, owned,

operated, or otherwise controlled by Pleasant Acres, and Premier's use of its control over Pleasant Acres to cause it not to pay RHS.

## PERSONAL JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      This Court has personal jurisdiction over the Defendants as the entities operate a nursing home facility in Pennsylvania.

4.      Moreover, this Court has personal jurisdiction over the Defendants because they caused damage to RHS in Pennsylvania.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because certain events or omissions giving rise to the claims in this action occurred in this judicial district.

## THE PARTIES

6.      RHS is a Maryland limited liability company with its principal place of business in Kennett Square, Pennsylvania.  RHS provides respiratory services to residents of long-term and skilled nursing facilities.  RHS is a wholly-owned subsidiary of Genesis HealthCare, LLC, whose sole member is Genesis Healthcare, Inc., a Delaware corporation with a principal place of business in Kennett Square,

Pennsylvania.  Thus, for purposes of federal diversity jurisdiction, RHS is a citizen of Delaware and Pennsylvania.

7.      Pleasant Acres is a Pennsylvania limited liability company.  For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, Pleasant Acres' members are citizens of New York.  Therefore, Pleasant Acres is a citizen of New York for purposes of federal diversity jurisdiction.  At all times relevant, Pleasant Acres operated a skilled nursing facility in York, Pennsylvania.

8.      Premier is a New York limited liability company.  For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, Premier's members are citizens of New York.  Therefore, Premier is a citizen of New York for purposes of federal diversity jurisdiction.  At all times relevant, Premier managed and controlled Pleasant Acres.

### STATEMENT OF FACTS

9.      RHS provides respiratory care services to residents of skilled nursing facilities, like Pleasant Acres, as an "under arrangement provider," as that term is defined by federal law.[1]

---

[1] Medicare law provides that skilled nursing facilities are not entitled to Medicare funds for respiratory care  services unless those goods and services are provided by the facility directly, or by an outside provider, such as RHS, through a valid "arrangement," such as the Agreement at issue here.  42 U.S.C. § 1395x(a)(18).

10.    At all times relevant, Pleasant Acres held the Medicare provider number and license for the Facility.

11.    On or about July 26, 2018, RHS entered into a Respiratory Care Services Agreement (the "Agreement") with Pleasant Acres, which commenced on October 1, 2018, wherein RHS agreed to provide respiratory care services to the residents of the Facility and Pleasant Acres agreed to pay for said services.  A true and correct copy of the Agreement is attached hereto as Exhibit A.[2]

12.    RHS performed all obligations required of it under the Agreement, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

13.    Pursuant to the Agreement and RHS's performance thereunder, Pleasant Acres is obligated to pay for the services provided by RHS.

14.    Pleasant Acres has not paid RHS for all services provided by RHS pursuant to the Agreement.

15.    RHS provided notice to Pleasant Acres that it failed to pay for services provided by RHS.

16.    RHS conferred with Pleasant Acres numerous times regarding the outstanding invoices for services provided to Pleasant Acres and amounts past due, and RHS made repeated demands for payment.

---

[2] The Agreement contains confidential information, including pricing information, and therefore is being filed under seal.

17. During conferences between RHS and Pleasant Acres, Pleasant Acres represented to RHS that the outstanding amounts would be paid, and requested that RHS continue to provide goods and services to the Facility.

18. RHS relied upon Pleasant Acres' representations in continuing to provide goods and services.

19. Despite repeated demands for the sums due and owing under the Agreement, Pleasant Acres has failed and refused to pay for services provided by RHS.

20. As of the date of filing this Complaint, Pleasant Acres owes RHS $97,590.88, exclusive of interest and costs.

21. Pursuant to Section 3.2 of the Agreement, the outstanding balance is accruing interest at the contractual rate of 1.5% per month.

22. Section 3.2 of the Agreement further provides that RHS may recover "any and all costs incurred to collect payment" under the Agreement.

23. Upon information and belief, Pleasant Acres has been reimbursed by Medicare for all or a significant portion of the services provided by RHS, and Pleasant Acres has directly or indirectly benefitted from such reimbursements.

24. The Agreement was signed on behalf of Pleasant Acres by Janice M. Ricchio as "COO." Based on publicly available information, Janice M. Ricchio is the COO, or chief operating officer, of Premier.

25. The Agreement requires that a copy of any notice sent to Pleasant Acres be sent both to the address of the Facility and to "Premier Healthcare Management."

26. Premier was aware of the Agreement with RHS and that, pursuant to the Agreement, Pleasant Acres was required to pay RHS for the services RHS provided at the Facility.

27. Upon information and belief, Premier used its management and control over Pleasant Acres to direct or cause it not to pay RHS in violation of the Agreement.

28. Premier exercises complete domination and control over Pleasant Acres.

29. When RHS attempted to collect payment from Pleasant Acres for past due invoices, Premier decided whether or not Pleasant Acres would pay RHS, how much it would pay RHS, and when it would pay RHS.

30. Premier exercised its control over Pleasant Acres to cause it to refuse to pay RHS, in violation of the Agreement between Pleasant Acres and RHS.

31. Upon information and belief, Premier's use of its control over Pleasant Acres to cause it to refuse to pay RHS was intentional, without justification, and done to divert funds owed to RHS for the benefit of Premier or affiliated entities and persons, or to harm RHS.

32.   Defendants share corporate assets by transferring funds among them or ensuring that insider debts are paid before third party creditors.

33.   Upon information and belief, Pleasant Acres is undercapitalized to benefit Premier.

34.   Pleasant Acres acts as a mere business conduit for Premier.

35.   RHS has been harmed by Premier's control of Pleasant Acres in that RHS has not received payment for services provided to the Facility.

36.   Without justification or excuse, Defendants have failed to pay RHS for the services provided by RHS at the Facility.

37.   At all times relevant, Defendants were aware of their obligation to pay RHS for the services that RHS provided at the Facility.

### COUNT I – BREACH OF CONTRACT (AGAINST PLEASANT ACRES)

38.   Except to the extent inconsistent with the relief requested in this Count, RHS incorporates by reference all allegations set forth above.

39.   The Agreement is a valid and enforceable contract between RHS and Pleasant Acres.

40.   Pleasant Acres has materially breached the Agreement with RHS by failing to perform its obligations thereunder and otherwise violating the terms thereof.

41.     As a direct and proximate cause of the Pleasant Acres' breaches of the Agreement, RHS has suffered damages.

42.     Without legal justification or excuse, Pleasant Acres materially breached the Agreement with RHS by failing to perform its obligations thereunder, including, without limitation, its obligation under the Agreement to pay for the services provided by RHS as described in this Complaint.

43.     Interest is accruing on the unpaid balance of the invoices as provided in the Agreement pursuant to Section 3.2 of the Agreement.

44.     Section 3.2 of the Agreement provides that RHS may recover any and all costs incurred to collect payment under the Agreement.

45.     Pleasant Acres failed to perform its payment obligations under the Agreement.  As a result, RHS has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Pleasant Acres.  RHS is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Pleasant Acres.

46.     RHS is entitled to recover damages from the Pleasant Acres in an amount to be proven at trial.

## COUNT II – PROMISSORY ESTOPPEL (AGAINST PLEASANT ACRES)

47.   Except to the extent inconsistent with the relief requested in this Count, RHS incorporates by reference all allegations set forth above.

48.   Pleasant Acres made promises to RHS that it would pay outstanding amounts for the purpose of inducing RHS to continue to provide services to Pleasant Acres.

49.   RHS reasonably relied upon such promises made by Pleasant Acres.

50.   Pleasant Acres' promises, RHS's reliance thereon and Pleasant Acres' subsequent failure to pay resulted in a detriment and damages to RHS, and RHS is entitled to recover damages in the amount to be proven at trial.

## COUNT III – UNJUST ENRICHMENT (ALL DEFENDANTS)

51.   Except to the extent inconsistent with the relief requested in this Count, RHS incorporates by reference the allegations set forth above.

52.   RHS has conferred a benefit on Defendants by providing their residents with respiratory services.

53.   RHS's services were rendered under circumstances pursuant to which Defendants knew, or reasonably should have known, that RHS would expect to be compensated.

54.   Defendants have wrongfully and intentionally withheld payments due to RHS for respiratory services provided by RHS.

9

55.    By withholding payments from RHS for respiratory services it received, Defendants have been unjustly enriched.

56.    Pleasant Acres has knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for the services provided by RHS, and have wrongfully and intentionally withheld or will withhold such amounts from RHS.

57.    Pleasant Acres has a legal and fiduciary duty to immediately remit to RHS proceeds received in reimbursement from Medicare if Pleasant Acres has not timely paid invoices.

58.    By withholding payment from RHS for respiratory services for which Pleasant Acres has received reimbursement from Medicare, Pleasant Acres has been unjustly enriched through the receipt of such goods and services and at the expense and to the detriment of RHS.

59.    It is against equity and good conscience to permit Pleasant Acres to retain the Medicare reimbursements without paying for respiratory services provided by RHS for which such reimbursements were made.

60.    Furthermore, Pleasant Acres has a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to RHS if it has not timely paid invoices as required by the Agreement.  *See* Medicare Claims

Processing Manual, Pub. 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1935cc(a)(1)(H)(ii), (g).

61. Upon information and belief, those wrongfully withheld funds were diverted to Premier.

62. Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of RHS.

63. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Pleasant Acres as reimbursement by Medicare for services provided by RHS, plus interest and costs.

64. Defendants operate without respect for corporate formalities and in a manner that is inconsistent with their being separate and distinct legal entities, such that each Defendant must be held jointly and severally liable for the obligations of all the Defendants to avoid fraud, injustice, and to uphold equitable principles.

### COUNT IV – ACCOUNTS STATED (AGAINST PLEASANT ACRES)

65. Except to the extent inconsistent with the relief requested in this Count, RHS incorporates by reference the allegations set forth above.

66. Pursuant to the Agreement with RHS, Pleasant Acres agreed to pay RHS for the services it supplied to Pleasant Acres.

67. RHS delivered monthly invoices for services rendered by RHS to Pleasant Acres, setting forth the details of the account. True and correct

copies of these invoices, as well as a current statement showing the account balance, are attached collectively as Exhibit B.[3]  Pleasant Acres received and retained such invoices without objection.

68.     Pleasant Acres made partial payments of the amounts invoiced. However, Pleasant Acres, without justification, excuse or dispute of such invoices, has not paid RHS all of the amounts invoiced.

69.     Pleasant Acres has acquiesced to the accuracy of the account by making partial payments and by failing to timely object to the invoices.

70.     Pleasant Acres is justly indebted to RHS, as of the date of filing of this Complaint, in the amount of $97,590.88, plus interest and costs.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIP (AGAINST PREMIER)

71.     Except to the extent inconsistent with the relief requested in this Count, RHS incorporates by reference the allegations set forth above.

72.     Premier was aware of the Agreement and business relationship between RHS and Pleasant Acres.

73.     Without justification or excuse, Premier used its management and control over Pleasant Acres to direct or cause it not to pay RHS in accordance with the Agreement.

---

[3] The invoices contain Protected Health Information as that term is defined under HIPAA, and as such the invoices are being filed under seal.

74. Premier intended to interfere with RHS's contractual and business relationships with Pleasant Acres.

75. Premier had no privilege to direct or cause Pleasant Acres not to pay RHS for services RHS provided to residents of the Facility.

76. As a result of Premier's actions, RHS has been damaged in that it has not received payment for services it provided to residents of the Facility.

### COUNT VI – ATTORNEYS' FEES (AGAINST PLEASANT ACRES)

77. Except to the extent inconsistent with the relief requested in this Count, RHS incorporates by reference each and every allegation set forth above.

78. RHS is entitled to recover its attorneys' fees and other costs of collection from Pleasant Acres pursuant to the Agreement, as well as any fees incurred on appeal of this matter.

79. As a result of Pleasant Acres' failure to pay, RHS has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Pleasant Acres.

80. RHS is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which shall also be the responsibility of Pleasant Acres.

81. RHS is entitled to recover its attorneys' fees and costs in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, RHS requests judgment against Defendants, jointly and severally as follows:

A.   An award of damages, jointly and severally, in an amount to be proven at trial;

B.   RHS's costs and expenses associated with prosecution of this action as permitted by the Agreement;

C.   The imposition of a constructive trust on sums received by Pleasant Acres as to Medicare reimbursement for pharmacy-related goods and services provided by RHS and not paid for by Pleasant Acres;

D.   Pre-judgment and post-judgment interest as permitted by the Agreement and law; and

E.   All other relief to which RHS may be entitled.

Dated: August 11, 2020                     Respectfully submitted,


                                           /s/  *Daniel C. Fleming*
                                           Daniel C. Fleming
                                           PA Bar ID: 80126
                                           Wong Fleming, P.C.
                                           1500 John F. Kennedy Boulevard
                                           Two Penn Center Plaza, Suite 810
                                           Philadelphia, PA 19102
                                           Tel:  (215) 546-2776
                                           dfleming@wongfleming.com

14

-and-

Benjamin C. Fultz (*to seek admission pro hac vice*)
Jennifer Metzger Stinnett (*admitted pro hac vice*)
Fultz Maddox Dickens PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on August 11, 2020, through the Court's electronic filing system on the following counsel of record:

Hugh P. O'Neill, III
Jared M. Mellott
P.O. Box 999
Harrisburg, PA  17108-0999


/s/  *Daniel C. Fleming*
Daniel C. Fleming
Counsel for Plaintiff

15